SHANNON LISS-RIORDAN (State Bar No. 310719)
sliss@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:     (617) 994-5800
Facsimile:      (617) 994-5801

MATTHEW D. CARLSON (State Bar No. 273242)
mcarlson@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
466 Geary St., Suite 201
San Francisco, CA 94102
Telephone:     (415) 630-2651
Facsimile:      (617) 995-5801

Attorneys for Plaintiff Poohrawn Mehraban

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| POOHRAWN MEHRABAN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GOLD CLUB – S.F., LLC d/b/a GOLD CLUB SAN FRANCISCO; BT CALIFORNIA, LLC d/b/a THE PENTHOUSE CLUB; and SFBSC MANAGEMENT, LLC,<br><br>　　　　Defendants. | Case No. 3:17-cv-5288<br><br>**COMPLAINT FOR VIOLATIONS OF**<br><br>1) **29 U.S.C. 215(a)(3) and**<br>2) **CAL. LAB. CODE § 98.6**<br><br>**JURY DEMANDED** |

### I. INTRODUCTION

1.    Plaintiff Poohrawn Mehraban worked as an exotic dancer at Gold Club San Francisco. On January 9, 2017, she joined a federal lawsuit against the Gold Club alleging violations of the Federal Fair Labor Standards Act (FLSA) and California state wage laws. Three weeks later, she was terminated from her employment at the Gold Club in retaliation for

COMPLAINT - 1

asserting these claims and participating in the lawsuit.  Indeed, she was not given any other explanation for her termination.  A day later, she was hired to perform at an affiliated nightclub in San Francisco, The Penthouse Club.  Following her hiring and execution of a "dancer contract," after the "corporate" office learned that she had been hired, she was immediately terminated, again in retaliation for her participation in the wage lawsuit.  Through these illegal acts of retaliation, Gold Club and Penthouse, along with their corporate affiliate SFBSC Management, LLC, have violated the anti-retaliation provisions of the FLSA, 29 U.S.C. 215(a)(3), as well as the California state anti-retaliation law, Cal. Lab. Code § 98.6.

## II. PARTIES

2. Plaintiff Poohrawn Mehraban is an adult resident of Oakland, California.  She worked as an exotic dancer at the Gold Club from approximately March 2015 to January 2017.

3. Defendant GOLD CLUB – S.F., LLC is a Nevada corporation, with its principal place of business in San Francisco, California, which operates the Gold Club located at 650 Howard Street in San Francisco, California.

4. Defendant BT CALIFORNIA, LLC is a California corporation, with its principal place of business in San Francisco, California, which operates the Penthouse Club located at 412 Broadway Street in San Francisco, California.

5. Defendant SFBSC Management, LLC is a California corporation, with its principal place of business in San Francisco, California, which maintains an ownership, recruitment, and operational interest in ten nightclubs in San Francisco, including the Gold Club and the Penthouse Club.

## III. JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1367 and 29 U.S.C. § 216(b).

7. Venue is proper in this district because Plaintiff was employed by Defendants, which are located in San Francisco, California.

## IV. STATEMENT OF FACTS

8. The Gold Club and the Penthouse Club ("the Clubs") are adult entertainment clubs located in San Francisco.

9. For example, the Gold Club advertises that it is "San Francisco's upscale topless adult club," and welcomes guests to "[c]ome in and get comfortable with our world class, sexy adult entertainers."

10. The Clubs classify exotic dancers (including Plaintiff) who perform at their "adult clubs" as independent contractors, when in reality they are employees of Defendants under the economic realities test of the FLSA, as well as California state law.

11. Defendants have exercised extensive control over the manner in which their exotic dancers, including Plaintiff, perform their job and conduct themselves while on Defendants' premises, including controlling what the dancers are allowed to wear, how much they will receive for private dances and sessions, and how they interact with customers. For example, Defendants fine dancers like Plaintiff if they violate Defendants' rules regarding appearance, wardrobe, or behavior. Likewise, Defendants have required the Plaintiff to work at least three days per week and Defendants have imposed fines for dancers like Plaintiff who miss their scheduled shift, who work less than a full shift, or who attempt to work on a day when they are not scheduled.

12. In addition, Defendants are in the business of providing adult entertainment to their patrons. For example, the Gold Club maintains a website providing photographs and information on the dancers who perform at the club, advertising of various specials and events, and providing information on when the dancers are scheduled to perform.

13. The dancers like Plaintiff perform services in the usual course of the Defendants' businesses, and without the dancers, the Defendants would have no business.

14. On January 9, 2017, Plaintiff filed a consent form to join a pending lawsuit against Defendant Gold Club and another club (Hustler), both of which are affiliated with

Defendant SFBSC Management, LLC. The lawsuit she joined, entitled <u>Hughes et al v. SAW Entertainment, Ltd., et al.</u>, N.D. Cal. No. 16-3371 ("the <u>Hughes</u> lawsuit"), asserts claims on behalf of exotic dancers for violations of the FLSA and California state law, based on the Clubs' misclassification of the dancers as independent contractors and resulting violations of federal and state wage laws, including the minimum wage protections of the FLSA, 29 U.S.C. § 206, and Cal. Lab. Code § 98.6.

15. Less than three weeks later, Plaintiff was informed that she was being terminated from the Gold Club, without any prior warning, and that she was no longer permitted to work there.

16. Plaintiff asked management at the Gold Club why she was being terminated, and she received no response or explanation.

17. The next day, Plaintiff applied for work at an affiliated nightclub, the Penthouse Club.

18. Both Penthouse Club and the Gold Club are affiliated through SFBSC Management, LLC.

19. Plaintiff was immediately hired to work at the Penthouse Club and executed a "dancer contract" so that she could begin working.

20. However, when Plaintiff later returned to the Penthouse Club, she was told by an employee that the Penthouse Club could no longer hire her because an individual "from corporate" said that Penthouse was not allowed to hire her. She received no other explanation for her termination from the Penthouse Club.

21. As a result of her termination from both Gold Club and then Penthouse Club, Plaintiff has suffered damages, both in the form of lost wages and emotional distress.

22. Plaintiff alleges that she was terminated by Defendants Gold Club and Penthouse Club, in concert with and at the direction of Defendant SFBSC Management, LLC, because of her protected activity in participating in, and supporting, the <u>Hughes</u> lawsuit.

23. At the time she was terminated from Gold Club and Penthouse Club, Plaintiff was the only dancer participating in the Hughes lawsuit who was still working at any of the Clubs affiliated with SFBSC Management, LLC.

24. The lead plaintiff in the Hughes lawsuit, Nicole Hughes, was likewise terminated after she raised the possibility of a lawsuit. She has brought a retaliation claim as well, which is now pending in that case. See No.16-3371 (Dkt. 66).

25. Earlier this year, Defendant SFBSC Management, LLC reached a proposed class action settlement with exotic dancers who had brought another wage case against it, entitled Roe v. SFBSC Management, LLC, No. 14-3616. Plaintiff, as well as Ms. Hughes, are among dancers who have objected to that settlement as grossly unfair and inadequate to the dancer class members. See No. 14-3616 (Dkts. 133, 165). Plaintiff alleges that Defendants have retaliated against her for her participation in the Hughes lawsuit in particular.

## COUNT I

### Violation of 29 U.S.C. § 215(a)(3)

26. Defendants' conduct, as set forth above, in terminating Plaintiff in retaliation for her participation in the Hughes wage and hour lawsuit against the Gold Club (as well as in the Penthouse Club refusing to hire her) constitutes a violation of 29 U.S.C. §215(a)(3). Defendants' violation of this section was a willful violation.

## COUNT II

### Violation of Cal. Lab. Code § 98.6

27. Defendants' conduct, as set forth above, in terminating Plaintiff in retaliation for her participation in the Hughes wage and hour lawsuit against the Gold Club (as well as in the Penthouse Club refusing to hire her) constitutes a violation of Cal. Lab. Code § 98.6. Defendants' violation of this section was a willful violation.

## PRAYER FOR RELIEF

Plaintiff prays for relief as follows:

      a) Reinstatement;

      b) Restitution of all lost back pay and front pay, including any gratuities Plaintiff would have received;

      c) Damages for emotional distress;

      d) Pre- and post-judgment interest;

      e) Liquidated damages;

      f) Attorneys' fees and costs; and

      g) Any other relief to which Plaintiff may be entitled.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: September 12, 2017

Respectfully submitted,
POOHRAWN MEHRABAN,

By her attorneys,

 /s/ Shannon Liss-Riordan
SHANNON LISS-RIORDAN (State Bar No. 310719)
sliss@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:  (617) 994-5800
Facsimile:    (617) 994-5801

MATTHEW D. CARLSON (State Bar No. 273242)
mcarlson@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
466 Geary St., Suite 201
San Francisco, CA 94102
Telephone:  (415) 630-2651